```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
CRISTEN GARDNER,                       :
                                       :
                        Plaintiff,     :        22cv4666 (DLC)
                                       :
             -v-                       :        OPINION AND ORDER
                                       :
SENSIO INC.,                           :
                                       :
                        Defendant.     :
                                       :
-------------------------------------- X
```

APPEARANCES:

For plaintiff Cristen Gardner:
Jonathan M. Sedgh
Morgan & Morgan Complex Litigation Group
350 Fifth Avenue, Suite 6705
New York, NY 10118

Michael Ram
Morgan & Morgan Complex Litigation Group
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102

George E. McLaughlin
McLaughlin Law Firm, P.C.
1890 Gaylord Street
Denver, CO 80206

For defendant Sensio Inc.:
Ryan Donald Saba
Francesca Noel Dioguardi
Rosen Saba, LLP
2301 Rosecrans Avenue, Suite 3180
El Segundo, CA 90245

Niraj Jayant Parekh
Barnes & Thornburg LLP
390 Madison Avenue, 12th Floor
New York, NY 10017

DENISE COTE, District Judge:

Cristen Gardner brings this products liability on behalf of herself and a nationwide class against Sensio Inc. ("Sensio"), alleging that pressure cookers sold by Sensio contained a dangerously defective lid-locking mechanism.  Sensio has moved to dismiss the plaintiff's first amended complaint ("FAC") or, in the alternative, to strike the nationwide class allegations. For the following reasons, the motion to dismiss is granted.

## Background

The following facts are taken as true from the FAC.  Sensio designs, manufactures, and distributes small home appliances including table-top kitchen appliances.  Sensio distributes some of its products under the brand name "Bella," and this brand includes a line of electric pressure cookers.

In the summer of 2018, plaintiff, a Florida resident with a home in New York, purchased a Bella 8-Quart Electric Pressure Cooker (the "Product") from a New York retailer.  According to representations made by Sensio in its advertising and packaging when plaintiff purchased the Product, the Product was safe to use because its lid-locking apparatus ensured that the lid opened only when the internal pressure in the cooker was released.

On July 27, 2019, plaintiff's son and his girlfriend used the Product as intended.  While using the Product, the lid opened while the contents were still under pressure, which resulted in severe burns to the plaintiff's son and his girlfriend.  Plaintiff was not using the Product during this incident and was not physically injured by it.  Additionally, there are no allegations that this incident caused damage to the plaintiff's property, beyond any damage caused to the Product itself.

The FAC asserts that the Product's lid-locking mechanism contained a defect in either design or manufacture.  Sensio was aware of safer designs that did not reduce the utility of the Product or, alternatively, was aware of safer or more reliable methods of manufacture.  Nonetheless, Sensio failed to implement these designs or methods.  Additionally, Sensio failed to ensure that the Product complied with industry standards and failed to inspect the Product adequately.  Finally, Sensio represented through packaging and product manuals that the Product was safe. Had plaintiff known that the Product was defective, she would not have purchased it, would have paid less for it, or would have returned it.

Plaintiff filed this action against Sensio on June 6, 2022, bringing seven claims for breach of express and implied

warranties, violation of the Magnusson Moss Warranty Act, 15

U.S.C. § 2301 (the "MMWA"), fraud, unjust enrichment, deceptive

acts or practices, and false advertising.  Plaintiff brought her

claims individually on behalf of a nationwide class and a New

York subclass.[1]  The nationwide class was defined as:

> All persons in the United States who purchased a
> Sensio Pressure cooker after March 1, 2016 (the
> "Nationwide Class").  The class includes purchasers of
> the following Sensio Pressure Cooker products:
>
> a)    the Bella 6-Quart 10 in 1 Multi Cooker;
> b)    the Bella 10-Quart Digital Multi Cooker;
> c)    the Bella 2-Quart Multicooker;
> d)    the Bella 6-Quart 10 in 1 Programmable Multi
>       Cooker, Stainless Steel;
> e)    the Bella 8-Quart 10 in 1 Programmable Multi
>       Cooker, Stainless Steel;
> f)    the Bella Pro Series 8-Quart 10 in 1
>       Programmable Multi Cooker;
> g)    the Bella Pro Series 6-Quart 10 in 1
>       Programmable Multi Cooker;
> h)    the Bella 5-Quart Pressure Cooker; and
> i)    the Bella 8-Quart 10 in 1 Multi Cooker.

The New York subclass was defined as: "All persons who reside in

the State of New York and who purchased a Sensio Pressure Cooker

after March 1, 2016."

On July 29, defendant filed a motion to dismiss the

complaint.  In its motion, defendant argued, <u>inter alia</u>, that

because plaintiff purchased only the Bella 8-Quart Electric

---

[1] The claims for deceptive acts or practices and false
advertising were brought only individually and on behalf of the
New York subclass.

Pressure Cooker, it was "undisputed that Plaintiff did not purchase any of the foregoing pressure cookers" used to define the class and subclass.  After defendant moved to dismiss, plaintiff was granted an opportunity to amend her complaint and was warned that it was unlikely that she would have another opportunity to amend.

Plaintiff filed the FAC on August 19, asserting the same seven claims, plus an additional claim for strict liability.[2] The FAC defines the nationwide class and the New York subclass in the same way as the original complaint.  That is, as in the original complaint, the Bella 8-Quart Electric Pressure Cooker is not one of the products used to set the boundaries of the class or subclass.

Defendant filed the instant motion to dismiss the FAC or, in the alternative, to strike the class allegations on August 31.  The motion was fully submitted on October 7.

### Discussion

To survive a motion to dismiss for failure to state a claim, the complaint "must plead enough facts to state a claim

---

[2] Jurisdiction is premised on the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  The FAC asserts that the purported classes include thousands of members, there is minimal diversity (including between Gardner and Sensio), and the total amount in controversy exceeds $5 million, exclusive of costs and interest.

to relief that is plausible on its face." Green v. Dep't of
Educ. of City of New York, 16 F.4th 1070, 1076-77 (2d Cir. 2021)
(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
"A claim has facial plausibility when the plaintiff pleads
factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct
alleged." Charles v. Orange Cnty., 925 F.3d 73, 81 (2d Cir.
2019) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).
"In determining if a claim is sufficiently plausible to
withstand dismissal," a court "accept[s] all factual allegations
as true" and "draw[s] all reasonable inferences in favor of the
plaintiffs." Melendez v. City of New York, 16 F.4th 992, 1010
(2d Cir. 2021) (citation omitted).

Plaintiff brings eight causes of action: (1) breach of
express warranty; (2) breach of the implied warranty of
merchantability; (3) strict liability; (4) violation of the
MMWA; (5) fraud by omission; (6) unjust enrichment; (7)
deceptive acts or practices, N.Y. Gen. Bus. Law § 479; and (8)
false advertising, N.Y. Gen. Bus. Law § 350. The first six
claims are brought on behalf of a nationwide class, and the last
two are brought on behalf of a New York subclass. For the
following reasons, the defendant's motion to dismiss is granted.

I.   Standing

A threshold issue is whether Gardner's allegations are sufficient at this stage to give her standing to sue on behalf of a class.  Sensio contends that Gardner lacks standing to bring this class action because the only product she purchased was the Bella 8-Quart Electric Pressure Cooker.  For the purposes of this motion, plaintiff has standing to assert her claims individually and on behalf of the nationwide and New York classes.

The plaintiff's standing to sue the defendant is a "threshold question in every federal case." Mahon v. Ticor Title Ins. Co., 683 F.3d 59, 62 (2d Cir. 2012) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)).  To satisfy the standing requirements imposed by Article III of the Constitution, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Melito v. Experian Mktg. Sols., Inc., 923 F.3d 85, 92 (2d Cir. 2019) (quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016)).

In a putative class action, a plaintiff has standing to raise claims on behalf of a class if she alleges

> (1) that [s]he personally suffered some actual injury
> as a result of the putatively illegal conduct of the

defendant, and (2) that such conduct implicates the
same set of concerns as the conduct alleged to have
caused injury to other members of the putative class
by the same defendants.

NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co., 693 F.3d

145, 162 (2d Cir. 2012) (citation omitted).

Bizarrely, the Product the plaintiff purchased -- the Bella

8-Quart Electric Pressure Cooker -- does not appear in the FAC's

list of products defining the classes.  It is unclear why the

plaintiff defined the classes in this way, particularly after

the defendant alerted her to the problem in its original motion

to dismiss.  Nonetheless, the Court assumes for the purposes of

this motion that the plaintiff would not define the two classes

in such a way as to exclude herself from them.  Thus, based on

the description and a photograph of the Product included in the

FAC, the Court presumes (perhaps generously) that plaintiff's

pressure cooker is one of the 8-quart pressure cookers in the

list outlining the boundaries of the two classes.

Assuming plaintiff falls within the class, she has alleged

sufficient facts to demonstrate standing to bring the class

claims.  The plaintiff alleges that the defendant's conduct

caused her economic injury because the Product's lid-locking

mechanism malfunctioned despite representations by the defendant

that the lid was safe to use.  Likewise, the FAC states that the

other products listed in the class definitions suffered from

similar defects and were inaccurately described by the defendant
in similar ways.  Thus, taking the allegations as true, the
conduct alleged to have injured the putative class implicates
the same set of concerns as the conduct alleged to have injured
plaintiff.

Defendant also argues that plaintiff lacks standing to
bring claims under the laws of other states.  But "whether a
plaintiff can bring a class action under the state laws of
multiple states is a question of predominance under Rule
23(b)(3), not a question of standing under Article III."  Langan
v. Johnson & Johnson Consumer Cos., Inc., 897 F.3d 88, 96 (2d
Cir. 2018).  Thus, this argument is without merit.

II.  Failure to State a Claim

The plaintiff brings seven causes of action under state
law, as well as one cause of action under the MMWA.  For the
following reasons, each of plaintiff's claims is dismissed.

A.  Breach of Express Warranty

Under New York law,[3] express warranties are governed by N.Y.
U.C.C. § 2-313(1)(a), which provides that an express warranty

---

[3] The parties do not address the proper choice of law for this
motion.  Their briefs apply New York law, however, so the Court
will apply New York law, as well.  Chau v. Lewis, 771 F.3d 118,
126 (2d Cir. 2014) ("The parties' briefs assume that New York
law controls, and such implied consent is sufficient to
establish choice of law." (citation omitted)).

9

includes "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain."  Additionally, "[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."  Id. § 2-313(1)(b).  Section 2-318 further provides that "[a] seller's warranty whether express or implied extends" to any foreseeable user "who is injured in person by breach of the warranty."

To bring a claim for breach of express warranty, a "buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach."  N.Y. U.C.C. § 2-607(3)(a).  Courts have held that although the "sufficiency and timeliness of the notice is generally a question for the jury," "where only one inference may be drawn as to the reasonableness of the time, it becomes a question of law that can be resolved on a motion to dismiss."  Bassaw v. United Indus. Corp., 482 F. Supp. 3d 80, 87 (S.D.N.Y. 2020) (collecting cases); see, e.g., Petrosino v. Stearn's Prods., Inc., No. 16-cv-7735 (NSR), 2018 WL 1614349, at *8 (S.D.N.Y. Mar. 30, 2018); Telit Wireless Sols., Inc. v. Axesstel, Inc., No. 15-cv-5278 (KBF), 2016 WL 1587246, at *6 (S.D.N.Y. Apr. 18, 2016).

The breach of express warranty claim is dismissed because plaintiff has not alleged sufficient facts to show that she notified defendant of the alleged breach in a reasonable time. In fact, the allegations show that the notification was untimely.  The only date in the FAC relevant to the issue appears on a letter to Sensio labeled a "Notice of Breach of Warranty and Violations of the Magnusson-Moss Warranty Act." The letter is dated March 17, 2022, almost three years after the July 27, 2019 incident and almost four years after plaintiff's purchase of the Product.  Plaintiff had reason to know about the potential breach of warranty at some point shortly after the July 27, 2019 incident.  Notifying the defendant of the alleged breach almost three years later is not reasonable.

Plaintiff alleges in the FAC that she did not know she would have a claim until she consulted attorneys and that "[s]oon after reaching out to her now attorneys, said attorneys communicated with Defendant Sensio and its insurance carrier regarding Plaintiff's claim."  These allegations are inadequate. The allegations do not mention a specific date, month, or even year of the relevant communications.  Given the other indications in the FAC that the first "notice of breach of warranty" was not until March of 2022, the only reasonable inference is that plaintiff's notice to Sensio was not timely.

11

As a result, plaintiff's breach of express warranty claim is dismissed.

B.   Breach of the Implied Warranty of Merchantability

Under New York law, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."  N.Y. U.C.C. § 2-314(1).  Goods are merchantable if they meet certain requirements, including "fit[ness] for the ordinary purposes for which such goods are used."  Id. § 2-314(2)(c).  Additionally, goods must "conform to the promises or affirmations of fact made on the container or label if any."  Id. § 2-314(2)(f).  To succeed on an implied warranty claim, the plaintiff "must show both the existence and breach of the warranty and that the breach was the proximate cause of plaintiff's damages." Bellevue S. Assocs. v. HRH Constr. Corp., 78 N.Y.2d 282, 298 (1991).  Further, under New York law, a claim for breach of implied warranty requires privity, unless the claim arises out of a personal injury.  Id.

The FAC alleges that plaintiff purchased the Product from a third-party retailer, rather than from Sensio.  Further, it does not allege that Gardner was personally injured by the Product. As a result, plaintiff's claim for breach of the implied warranty of merchantability is dismissed for lack of privity.

Plaintiff does not dispute that she lacks privity with
Sensio but contends that the claim may be brought because she
has alleged the "functional equivalent" of privity.  In at least
certain circumstances, claims generally requiring privity under
New York law may be brought where plaintiff can establish the
functional equivalent of privity.  See, e.g., Ossining Union
Free School Dist. v. Anderson, 73 N.Y.2d 417, 419 (1989)
(holding that in negligent misrepresentation cases, the
relationship between the parties must "be one of contract or the
bond between them so close as to be the functional equivalent of
contractual privity").  At the outset, it is not clear that this
"functional equivalence" rule applies for implied warranty
claims, and plaintiff identifies no authority holding that it
does.[4]

Even assuming the rule applies, the FAC does not allege the
functional equivalent of privity.  The functional equivalence
rule in New York is defined "narrowly."  Id. at 424.  Indeed,
New York has declined to adopt a rule permitting recovery for
"any foreseeable plaintiff" and has "rejected even a somewhat

---

[4] Plaintiff points to cases discussing the doctrine of functional
equivalence in the context of negligence and professional
malpractice claims.  See Media Glow Digit., LLC v. Panasonic
Corp. of N. Am., No. 16 Civ. 7907 (JFK) (HBP), 2019 WL 2281375,
at *4 (S.D.N.Y. May 29, 2019); Kleinberg v. 16 W. 19th LLC, 994
N.Y.S.2d 575, 576 (1st Dep't 2014).

narrower rule that would permit recovery where the reliant party
or class of parties was actually known or foreseen by the
defendants."  Id. at 425 (citation omitted).  Instead, New York
requires "a bond so close as to approach that of privity."  Id.
(citation omitted).  To satisfy that rule, a plaintiff must
establish

> (1) awareness [by the defendant] that the [defendant's
> work] w[as] to be used for a particular purpose or
> purposes; (2) reliance by a known party or parties in
> furtherance of that purpose; and (3) some conduct by
> the defendants linking them to the party or parties
> and evincing defendant's understanding of their
> reliance.

Id.

Here, the allegations in the FAC fall far short of the
functional equivalent of privity.  There is no allegation that
Sensio knew anything about Gardner or had any dealings with her
when she purchased the Product.  Even assuming that Gardner was
a foreseeable plaintiff because Sensio sells kitchen products to
retailers, that is not enough under New York's "narrow"
conception of the functional equivalence rule.

        C.   Violation of the MMWA

        The plaintiff also brings a claim for violation of the
MMWA.  The MMWA prevents sellers of a consumer product from
disclaiming warranties implied under state law if the seller
also extends an express warranty.  See Abraham v. Volkswagen of

Am., Inc., 795 F.2d 238, 247-48 (2d Cir. 1986).  It does not, however, create new substantive warranty obligations, which remain "solely the creation of state law."  Id. at 247.

Plaintiff does not dispute that her MMWA claim rises and falls with her state law breach of warranty claims.  Because she fails to state an underlying breach of warranty claim, the MMWA claim is also dismissed.

D.   Strict Liability

Under New York law, it is settled that "an end-purchaser of a product is limited to contract remedies and may not seek damages in tort for economic loss against a manufacturer."  532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc., 96 N.Y.2d 280, 288 n.1 (2001); Bocre Leasing Corp. v. G.M. Corp. (Allison Gas Turbine Div.), 84 N.Y.2d 685, 694 (1995); see also Caronia v. Philip Morris USA, Inc., 22 N.Y.3d 439, 446 (2013). Here, the only injury alleged in the FAC is the economic loss incurred when plaintiff purchased the Product.  As a result, plaintiff's strict liability claim must fail.

Plaintiff argues that she can bring a strict liability claim because of a "special relationship" that allegedly existed between her and Sensio, which satisfies an exception to the economic loss rule.  This argument fails.  At the outset, it is again not clear whether the exception to the economic loss rule

for special relationships even applies here.  All of plaintiff's cited cases apply the rule in the context of negligent misrepresentation claims, not strict products liability claims. See, e.g., Kail v. Wolf Appliance, Inc., No. 15-cv-3513 (JS) (GRB), 2017 WL 3608242, at *7 (E.D.N.Y. Aug. 21, 2017); Century Pacific, Inc. v. Hilton Hotels Corp., No. 03 Civ. 8258 (SAS), 2004 WL 868211, at *7-9 (S.D.N.Y. Apr. 21, 2004); Kimmell v. Schaefer, 89 N.Y.2d 257, 263 (1996).

In any event, the allegations in the FAC do not suggest a special relationship existed between Sensio and Gardner.  To show the requisite special relationship, a plaintiff may plead that the defendant "possess[ed] unique or specialized expertise, or [was] in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation [was] justified."  Mandarin Trading Ltd. v. Wildenstein, 16 N.Y.3d 173, 180 (2011) (citation omitted). "[E]xpertise alone cannot create a special relationship where otherwise the relationship between the parties is too attenuated."  Id. at 181.  A special relationship is "privity-like," id., and typically involves statements by "[p]rofessionals, such as lawyers and engineers, [who] by virtue of their training and expertise, may have special relationships

16

of confidence and trust with their clients." <u>Kimmell</u>, 89 N.Y.2d at 263.

Plaintiff has not pleaded a special relationship with Sensio.  There is no need to belabor this point.  The FAC does not allege any relationship between Gardner and Sensio, let alone a special relationship.  The fact that Sensio has expertise about its own products is not sufficient, given that there is no link between Sensio and Gardner other than the commonplace, indirect connection between a manufacturer and a downstream purchaser.

E.   Fraud

A party alleging fraud must "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  A fraud claim under New York law consists of five elements: "(1) a material misrepresentation or omission of a fact, (2) knowledge of that fact's falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages." <u>Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC</u>, 797 F.3d 160, 170 (2d Cir. 2015) (citation omitted).

Additionally, to meet Rule 9(b)'s heightened pleading standard, the complaint must: (1) detail the events giving rise to the fraud, such as the statement or omission that is alleged to be fraudulent, the identity of the speaker, the location of

the fraud, and the reason the statement is fraudulent; and (2) allege facts "that give rise to a strong inference of fraudulent intent." Id. at 171; see also Cohen v. S.A.C. Trading Corp., 711 F.3d 353, 359 (2d Cir. 2013). "An inference is strong if it is cogent and at least as compelling as any opposing inference one could draw from the facts alleged." Loreley Fin. (Jersey) No. 3 Ltd., 797 F.3d at 176-77 (citation omitted). The requisite inference

> may be established either (a) by alleging facts to
> show that defendants had both motive and opportunity
> to commit fraud, or (b) by alleging facts that
> constitute strong circumstantial evidence of conscious
> misbehavior or recklessness.

United States v. Strock, 982 F.3d 51, 66 (2d Cir. 2020) (citation omitted).

The plaintiff's fraud claim must be dismissed. The FAC fails to allege with particularity sufficient facts to give rise to a strong inference of fraudulent intent. First, there are inadequate allegations to show motive and opportunity to commit fraud. The only allegations regarding an alleged motive to commit fraud consist of generalized allegations describing Sensio's overarching incentive to make a profit. This is insufficient. See, e.g., Chill v. Gen. Elec. Co., 101 F.3d 263, 268 (2d Cir. 1996).

Second, there are also inadequate allegations to show strong circumstantial evidence of conscious misbehavior or recklessness.  Plaintiff's theory in this regard turns on whether Sensio was aware of the alleged defect in the lid mechanisms when plaintiff purchased the Product in the summer of 2018.  To support this inference, the FAC references a customer complaint about the lid from December 2018 on a retailer's website, that is, several months after the plaintiff's purchase. Thus, there is no indication that Sensio was aware of customer complaints about the lid-locking mechanism when plaintiff made her purchase.  Additionally, although the FAC also notes that Sensio has been a party to other litigation involving the pressure cookers, the earliest of these suits were filed in 2020.  Thus, there are no facts constituting strong circumstantial evidence that, in the summer of 2018 when plaintiff purchased the Product, Sensio acted recklessly in representing that the Product was safe.

F.   Unjust Enrichment

To sustain a claim for unjust enrichment, a plaintiff must plausibly allege "(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." Myun-Uk Choi v. Tower Rsch. Cap. LLC, 890 F.3d 60, 69 (2d Cir. 2018) (citation omitted).  "[U]njust

enrichment is not a catchall cause of action to be used when others fail." Corsello v. Verizon N.Y., Inc., 18 N.Y.3d 777, 790 (2012). It "is not available where it simply duplicates, or replaces, a conventional contract or tort claim." Id. (citation omitted).

Here, the unjust enrichment claim is based on the same allegations as the plaintiff's breach of warranty and tort claims. Thus, the claim is dismissed as duplicative. Plaintiff argues that the claim may survive because it is pleaded in the alternative to its other claims. But styling the same unmeritorious claim as an unjust enrichment claim "in the alternative" does not remedy the defect or provide plaintiff a cause of action. Accordingly, the unjust enrichment claim is dismissed.

G.   Deceptive Acts or Practices and False Advertising

New York's General Business Law ("GBL") prohibits "false advertising" and "deceptive acts or practices in the conduct of any business, trade, or commerce in the furnishing of any service in this state." N.Y. Gen. Bus. Law §§ 349(a), 350. A plaintiff bringing a claim under these statutes must allege "(1) that the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." Chufen Chen v. Dunkin'

20

Brands, Inc., 954 F.3d 492, 500 (2d Cir. 2020) (citation
omitted).  An act is materially misleading if it is "likely to
mislead a reasonable consumer acting reasonably under the
circumstances."  Fink v. Time Warner Cable, 714 F.3d 739, 741
(2d Cir. 2013).

Claims brought under the GBL must be brought within three
years of the date of accrual.  Corsello, 18 N.Y.3d at 789
(2012).  The parties do not dispute that the plaintiff's GBL
claims accrued when she purchased the Product in 2018 and thus
that the statute of limitations period for these claims has
elapsed.

Plaintiff argues, however, that the statute of limitations
should be equitably tolled because defendant wrongfully
concealed the alleged defect after plaintiff purchased the
Product.  This argument is unpersuasive.  A statute of
limitations may be tolled due to fraudulent concealment if the
plaintiff establishes that:

> (1) the defendant wrongfully concealed material facts
> relating to defendant's wrongdoing; (2) the
> concealment prevented plaintiff's discovery of the
> nature of the claim within the limitations period; and
> (3) plaintiff exercised due diligence in pursuing the
> discovery of the claim during the period plaintiff
> seeks to have tolled.

Ellul v. Congregation of Christian Bros., 774 F.3d 791, 801 (2d
Cir. 2014) (citation omitted).  Where a plaintiff pleads

21

fraudulent concealment, those allegations "are subject to the particular pleading requirements set forth in Federal Rule of Civil Procedure 9(b)."  Zirvi v. Flatley, 433 F. Supp. 3d 448, 462 (S.D.N.Y. 2020) (citation omitted), aff'd, 838 F. App'x 582 (2d Cir. 2020).  Accordingly, the complaint "must state with particularity the circumstances constituting" fraudulent concealment.  Fed. R. Civ. P. 9(b).

As stated above, the allegations in the FAC are inadequate to show that defendant fraudulently concealed anything about the safety of the Product's lid-locking mechanism.  Moreover, the FAC shows that plaintiff should have discovered the claim within the limitations period because her son and his girlfriend were allegedly injured by the Product on July 27, 2019.  Relatedly, there is no indication that plaintiff exercised due diligence in bringing her GBL claims.  The statute of limitations period for these claims ended in the summer of 2021.  Thus, after the July 27, 2019 incident, plaintiff had roughly two years to learn that she may have had a claim under the GBL and to bring that claim in a timely manner.  Nonetheless, she failed to do so.  As a result, there is no basis to toll the statute of limitations here.

## Conclusion

The defendant's August 31 motion to dismiss the FAC is granted.

Dated:     New York, New York
           December 12, 2022

                                    _____
                                         DENISE COTE
                              United States District Judge